David H. Krieger, Esq.
Nevada Bar No. 9086
George Haines, Esq.
Nevada Bar No. 9411
Shawn Miller, Esq
Nevada Bar No. 7825
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 9385-5518
Email: dkrieger@hainesandkrieger.com
Email: ghaines@hainesandkrieger.com
Email: smiller@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff
*ALAN WARENSKI, individually and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ALAN WARENSKI, indvidually and on behalf of all and others similarly situated, | Civil Action No.: |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| CHARTER COMMUNICATIONS d/b/a SPECTRUM, | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Alan Warenski ("Plaintiff") indvidually and on behalf of all and others similarly situated, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant Charter Communications d/b/a Spectrum ("Spectrum" or "Defendant") violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently, knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone without consent, thereby violating the TCPA.

2. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

4. Plaintiff is an adult individual residing in Las Vegas, Nevada.

5. Plaintiff and members of the Class are, and at all times mentioned herein were, "person[s]" as defined by 47 U.S.C. § 153(39).

6. Defendant Spectrum, is doing business in the State of Nevada.

7. Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Defendant is also a "person" for purposes of NRS 598.0918.

8. Spectrum at all times acted by and through one or more of its agents or representatives.

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA regulates, among other things, the use of automated telephone dialing systems.

11. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B) to dial such numbers.

12. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes. 800-892-2253

13. On September 20, 2018, in *Marks v. Crunch San Diego LLC*, the Ninth Circuit noted that the statutory definition of an ATDS: "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)[.]" 904 F.3d 1041, 1052-53 (9th Cir. 2018).[1] The panel clarified that "[c]ommon sense indicates that human intervention of some sort is required before an autodialer can begin making calls, whether turning on the machine or initiating its functions." *Id.*

14. The *Marks* panel also found that regulations promulgated by the Federal Communications Commission's ("FCC") had been vacated by the District of Columbia Circuit in

---

[1] Consequently, the Court rejected appellee's "argument that a device cannot qualify as an ATDS unless it is fully automatic, meaning that it must operate without any human intervention whatsoever." *Id.*

*ACA International v. Federal Communications Commission*, 885 F.3d 687 (D.C. Cir. 2018), and that "only the statutory definition of ATDS as set forth by Congress in 1991 remains." 904 F.3d at 1049. In so concluding, the *Marks* court noted that prior regulatory guidance from the FCC did little more than to restate the terms of the TCPA itself, and that "the existence of a parroting regulation does not change the act that the question here is not the meaning of the regulation but the meaning of the statute." *Id.* at 1049 n.5 (quoting *Gonzales v. Oregon*, 546 U.S. 243, 257 (2006)).

**FACTUAL ALLEGATIONS**

15. Beginning in or around June 2018, but no later than December 17, 2018, and continuing into January 2019, Plaintiff began receiving pre-recorded calls from Spectrum to his cellular phone (ending "1954"), regarding an account which did not belong to him .

16. The automated and pre-recorded calls from Spectrum were identified through Plaintiff's caller identification as (844) 206-8573; however, Spectrum may have also dialed calls from other numbers to Plaintiff's cell phone ending 1954, which shall be uncovered through discovery in this matter.

17. Alternatively, Spectrum's calls were placed by a third party at and under Spectrum's direction, supervision and control, and Specturm is thus vicariously liable for the conduct of its agent.

18. These calls communicated with Plaintiff using "pre-recorded" messages or messages which utilized an "artificial" or "pre-recorded" voice.

19. Because the calls were made about an account which did not belong to Plaintiff, Spectrum never had Plaintiff's consent to make any the prerecorded or autodialed calls.

20. Upon information and belief, and in addition to the fact many of the calls to Plaintiff were pre-recorded, Defendant also employs an automatic telephone dialing system ("ATDS") meeting the definition set forth in 47 U.S.C. § 227(a)(1).

21. On information and belief, Spectrum's ATDS has the capability of recording phone calls and call logs for both inbound and outbound calls, which would be maintained by Spectrum.

22. On information and belief, the Spectrum ATDS platform, pre-recorded messages, and/or phone call dialer logs are stored in servers belonging to or accessible by Spectrum.

23. On information and belief, the Spectrum ATDS has the capability of having pre-recorded messages which are stored in servers belonging to Spectrum or other parties which it has contracted with and has control over; and Spectrum utilized this capability at all times herein as to Plaintiff and the Class members.

24. On information and belief, the Spectrum ATDS platform sequentially dials numbers loaded onto it by Spectrum generating those numbers sequentially to be dialed from the uploaded lists.

25. On information and belief, Spectrum conducted dialing campaigns using its ATDS Platform to Plaintiff and those similarly situated.

26. On information and belief, autodialing and prerecored call campaigns conducted by Spectrum using its ATDS platform were created by Spectrum.

27. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

28. Plaintiff and, on information and belief, the Class members, never consented to Spectrum using an ATDS or pre-recorded voice to communicate with his cell phone for the calls complained of herein (or revoked consent thereby making the dialed cell phone calls violations of the TCPA).

29. Spectrum did not have prior express consent to place any automated or prerecorded message calls to Plaintiff on Plaintiff's cellular telephone at any time, as the account Spectrum contacted him about did not belong to him.

30. On information and belief, Defendant's ATDS has the capacity to store telephone numbers to be called, using a random or sequential number generator.

31. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

32. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

33. Plaintiff suffered actual harm and loss, since each of the unwanted calls depleted Plaintiff's cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm. While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from Defendant's unwanted phone calls to Plaintiff's cell phone.

34. Plaintiff also suffered from an invasion of a legally protected interest by placing calls to Plaintiff's personal phone line when Defendant had no right to do so, resulting in an invasion of Plaintiff's right to privacy. The TCPA protects consumers from this precise behavior.

35. Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

36. "[W]hen a person must endure the bother of unwanted calls in the privacy of her home, her harm is similar to other traditional injuries that courts have long recognized, such as invasion of privacy and nuisance." *Toldi v. Hyundai Capital Am.*, No. 2:16-CV—01877-APG-GWF, 2017 WL 736882, at *2 (D. Nev. Feb. 23, 2017).

37. Plaintiff was also personally affected, since Plaintiff felt his privacy had been invaded when Defendant placed calls to Plaintiff's phone line without any consent to do so.

38. Indeed, in or about early December 2018, Plaintiff answered one of the automated calls from Spectrum and was connected to a Spectrum representative. During this call, Plaintiff advised Spectrum that he was not the correct party they were trying to call and demanded the calls cease. Spectrum's representative advised Plaintiff that "[Spectrum] would stop calling." However, that was not true, and Plaintiff thereafter continued receiving automated calls and prerecorded messages to his cell phone from Spectrum from the (844) 206-8573 compounding Plaintiff's stress, frustration and annoyance through these numerous privacy invasions.

39. The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy.

40. As a direct consequence of Defendant's harassing phone calls, acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, headaches, an upset stomach, and has otherwise been totally annoyed by Defendant's intrusive and illegal phone calls. Plaintiff has also lost the use of personal and family time while enduring these frustrations.

**CLASS ACTION ALLEGATIONS**
**TELEPHONE CONSUMER PROTECTION ACT**
**(CLASS)**

41. Plaintiff brings this action on behalf of himself and Class Members of the proposed

TCPA Class ("Class") pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

42. Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automated telephone dialing system or artificial or prerecorded voice within the four years prior to the filing of this Complaint without the prior express consent of the called person.

43. Spectrum and its employees or agents are excluded from the Class, as well as the Court and its officers and employees. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

44. Plaintiff and members of the Class were harmed by the acts of Spectrum in at least the following ways: Spectrum, either directly or through its agents, illegally contacted Plaintiff and Class members via their cellular telephones by using an ATDS and/or artificial or prerecorded voice messages, thereby causing Plaintiff and Class members thereby invading the privacy of said Plaintiff and Class members as discussed above. Plaintiff and Class members were damaged thereby.

45. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can

be identified through Spectrum's records or Spectrum's agents' records.

47. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominates over questions which may affect individual Class members, including the following:

    i. Whether, during the proposed class period, Spectrum or its agent(s) placed any calls utilizing an ATDS and/or an artificial or prerecorded voice messages to the Class members (other than a message made for emergency purposes or made with the prior express consent of the called party) to any telephone number assigned to a cellular telephone service;

    ii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations; and

    iii. Whether Spectrum and its agents should be enjoined from engaging in such conduct in the future.

48. As a person that received at least one non-emergency call via an ATDS or an artificial or prerecorded voice message to his cell phone without prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

49. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Spectrum's unlawful and wrongful conduct. Absent a class action, the members of the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Spectrum will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

50. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

51. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Spectrum to comply with federal. The interest of Class members in individually controlling the prosecution of separate claims against Spectrum is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

52. Spectrum has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

**Negligent Violations of the
Telephone Consumer Protection Act,
(47 U.S.C. § 227, *et seq.*)
(Plaintiff and Class)**

53. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

54. Defendant negligently placed multiple calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent using an ATDS or prerecorded and/or artificial voice messages.

55. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

56. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief

prohibiting such conduct by Defendant in the future.

## COUNT II

**Knowing and/or Willful Violations of the
Telephone Consumer Protection Act,
(47 U.S.C. § 227, *et seq.*)
(Plaintiff and Class)**

58.  Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

59.  Defendant knowingly and/or willfully placed multiple calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent using an ATDS or prerecorded and/or artificial voice messages.

60.  Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

61.  As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

62.  Additionally, Plaintiff and the Class are entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks for himself and each Class member that judgment be entered against Defendant awarding as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future (Class);

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) (Class);

11

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C) (Class);

4. An award of attorney's fees and costs to counsel for Plaintiff and the Class; and

5. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 17, 2019

    Respectfully submitted,

By /s/ David H. Krieger, Esq.
David H. Krieger, Esq.
Nevada Bar No. 9086
George Haines, Esq.
Nevada Bar No. 9411
Shawn Miller, Esq.
Nevada Bar No. 7825
HAINES & KRIEGER, LLC
Email: dkrieger@hainesandkrieger.com
Email: ghaines@hainesandkrieger.com
Email: smiller@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorney for Plaintiff
*ALAN WARENSKI, indvidually and on behalf of all others similarly situated*