Patrick J. Reilly, Esq.
Nevada Bar No. 6103
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
preilly@bhfs.com

Matthew D. Guletz, Esq. (admitted *pro hac vice*)
Missouri Bar No. 57410
THOMPSON COBURN, LLP
One U.S. Bank Plaza, Suite 2700
Saint Louis, MO 63101
Telephone: 314.552.6311
mguletz@thompsoncoburn.com

*Attorneys for Charter Communications, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALAN WARENSKI, individually and on behalf of all and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS d/b/a SPECTRUM,<br><br>Defendant. | Case No.: 2:19-cv-00101-RFB-NJK<br><br>**STIPULATION AND ORDER EXTENDING STAY OF PROCEEDINGS** |

## STIPULATION

Plaintiff Alan Warenski and Defendant Charter Communications, Inc., incorrectly sued as "Charter Communications d/b/a Spectrum" ("Charter"), hereby stipulate and agree as follows:

1. Plaintiff commenced this putative class action on January 17, 2019 (ECF No. 1).

2. This lawsuit arises under 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges that Charter called Plaintiff using an "automatic telephone dialing system" ("ATDS") and a prerecorded voice without Plaintiff's prior express consent, in violation of the TCPA.

3. On June 17, 2020, presented with a stipulation from the parties, the Court stayed this action (ECF No. 55) in its entirety pending a ruling from the Supreme Court in *Barr v. American Ass'n of Political Consultants*, Case No. 19-631 ("*AAPC*").

4. On July 6, 2020, the Supreme Court decided *AAPC*. *See* 2020 WL 3633780, at *1. The Supreme Court found that the government debt collection exception was unconstitutional, but saved 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA by severing the unconstitutional government debt collection exception from Section 227(b)(1)(A)(iii). *See AAPC*, 2020 WL 3633780, at *5 ("The initial First Amendment question is whether the robocall restriction, with the government-debt exception, is content-based. The answer is yes."); *see also id.*, at *2 (noting six Justices agree that, through the automated call ban, Congress has "impermissibly favored debt-collection speech over political and other speech, in violation of the First Amendment").

5. Three days after the *AAPC* decision, the Supreme Court granted certiorari in *Facebook, Inc. v. Duguid*, No. 19-511 (Jan. 9, 2020) ("*Duguid*"), a case from the Ninth Circuit.

6. In *Duguid,* the Supreme Court will take up the question of "'[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, *even if the device does not 'us[e] a random or sequential number generator*.'" *See* Question Presented, *Facebook, Inc. v. Noah Duguid*, No. 19-511 (S. Ct.) (emphasis added); *see also* Order Granting Petition for Writ of Certiorari, *Facebook, Inc. v. Noah Duguid*, No. 19-511 (S. Ct. July 9, 2020).

7. In *Duguid*, the Supreme Court is poised to issue a potentially controlling decision resolving the current circuit split on the definition of an ATDS. The circuit courts of appeals have reached divergent conclusions concerning the proper *statutory* definition of an ATDS.

8. Specifically, the Third, Seventh, and Eleventh Circuits have recognized that an ATDS is a device that can "(1) store telephone numbers using a random or sequential number generator and dial them or (2) produce such numbers using a random or sequential number generator and dial them." *See Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306 (11th Cir. 2020); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 468 (7th Cir. 2020); and *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 119 (3d Cir. 2018).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

9. By contrast, the Second, Sixth, and Ninth Circuits have adopted a more expansive definition of an ATDS, concluding that it is "the capacity to 'store' numbers [that is] required under the TCPA to be considered ATDSs," and that such a device must "dial numbers without human intervention." *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 287 (2d Cir. 2020); *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018); *Allan v. Pa. Higher Educ. Assistance Agency*, No. 19-2043, 2020 WL 4345341, at *9 (6th Cir. July 29, 2020).

10. The parties believe that a definitive resolution of the controlling definition of an ATDS will issue shortly by the Supreme Court during this term, warranting a stay here pending the *Duguid* action.

11. The parties therefore agree that this action should be stayed in its entirety pending a ruling from the Supreme Court in the *Duguid* case.

/ / /

/ / /

/ / /

/ / /

12. Therefore, the parties respectfully request that the existing stay order entered on June 17, 2020 be extended pending the Supreme Court's decision in *Duguid*.

DATED this 11th day of August, 2020.    DATED this 11th day of August, 2020.

/s/ Miles N. Clark                               /s/ Patrick J. Reilly
Matthew I. Knepper, Esq.                Patrick J. Reilly
Miles N. Clark, Esq.                    BROWNSTEIN FARBER HYATT
KNEPPER & CLARK, LLC                    FARBER SCHECK, LLP
10040 W. Cheyenne Avenue                100 N. City Parkway, Suite 1600
Suite 170-179                           Las Vegas, NV 89106-4614
Las Vegas, NV 89129
                                        Matthew D. Guletz, Esq.
                                        THOMPSON COBURN, LLP
George Haines, Esq.                     One U.S. Bank Plaza, Suite 2700
FREEDOM LAW FIRM, LLC                   Saint Louis, MO 63101
8985 S. Eastern Ave., Suite 350
Las Vegas, NV 89123                     *Attorneys for Charter Communications, Inc.*
702.880.5554 ext. 222
Efax: 702.967.6666
www.FreedomLegalTeam.com

*Attorneys for Alan Warenski*

**ORDER**

IT IS SO ORDERED.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

Dated: August 12, 2020

21399131.1                              4